IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | CRIMINAL NO. H-03-221-S-11 |
| TYRONE MAPLETOFT WILLIAMS | | |

### ORDER DENYING DEFENDANT S
### MOTION TO SUPPRESS EVIDENCE

Defendant Tyrone Williams has filed a motion to suppress certain statements. (Docket Entry No. 994).  Williams is a citizen of Jamaica.  He argues that when he was questioned by law enforcement agents, they did not inform him of his right under the Vienna Convention on Consular Relations to consult with officials of the Jamaican consulate. Williams asks this court to suppress all statements he made in response to interrogation.

In *Sanchez-Llamas v. Oregon*, ___ U.S. ___, 2006 WL 1749688 (June 28, 2006), the Supreme Court stated that suppression is not an appropriate remedy for violations of the Vienna Convention.[1]

> We have applied the exclusionary rule primarily to deter constitutional violations . . . .The few cases in which we have suppressed evidence for statutory violations do not help

---

[1] *Sanchez-Llamas* involved statements made in connection with a state court proceeding.  The Supreme Court concluded that it lacked authority to impose an exclusionary rule on state courts for Vienna Convention violations.  While the Court addressed the issue of remedies in state court, its language strongly implied that suppression is not an appropriate remedy for Vienna Convention violations in *any* United States court.

> [defendant]. In those cases, the excluded evidence arose directly out of statutory violations that implicated important Fourth and Fifth Amendment interests. . . . The violation of the right to consular notification, in contrast, is at best remotely connected to the gathering of evidence. Article 36 [of the Vienna Convention] has nothing whatsoever to do with searches or interrogations. Indeed, Article 36 does not guarantee defendants any assistance at all. The provision secures only a right of foreign nationals to have their consulate *informed* of their arrest or detention – not to have their consulate intervene, or to have law enforcement authorities cease their investigation pending any such notice or intervention.

*Id.* at *9-*10 (emphasis in original). This is consistent with Fifth Circuit authority denying similar motions on the basis that the treaty does not create an individually enforceable right to access to consular officials and that suppression is not an available remedy. *United States v. Jimenez-Nava*, 243 F.3d 192, 197 (5th Cir.), *cert. denied*, 533 U.S. 962 (2001).

Defendant's Motion To Suppress Evidence (Docket Entry 994) is **DENIED**.

SIGNED on July 10, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge