IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | CRIMINAL NO. H-03-221-S-11 |
| TYRONE MAPLETOFT WILLIAMS | § | |

## ORDER DENYING DEFENDANT'S
## MOTIONS TO DISMISS FOR PROSECUTORIAL MISCONDUCT AND FOR REASSIGNMENT OF THE CASE

Defendant Tyrone Williams has filed a motion to dismiss the indictment for alleged prosecutorial misconduct and to have this case reassigned to the judge who previously presided over it. Williams's motion is based on his claim that an Assistant United States Attorney working on this case had improper *ex parte* contact with the Fifth Circuit Court of Appeals during the appeal. The claim arises from reports that this AUSA made statements in the presence of lawyers representing other defendants in the case that the Fifth Circuit would remand the case and would remove the district judge then presiding, despite the fact that the government did not ask for such relief in the appeal. The reports, in the form of two affidavits from lawyers, state that the AUSA made this statement in their presence on two occasions, once in December 2005, before oral argument in the appeal and before the panel had been assigned or announced, and once in January 2006, shortly after the argument occurred. In its decision issued in May 2006, the Fifth Circuit did remand and order the case reassigned to a different judge. Williams alleges prosecutorial conduct in the form of

improper *ex parte* contact by the AUSA with a member of the Fifth Circuit panel that decided the appeal.

Williams supports his motion with an affidavit from an attorney claiming he heard the AUSA predict that the Fifth Circuit would reverse the trial judge and, on remand, remove that judge from continuing to preside over this case. The affidavit states that the AUSA made this statement on December 8, 2005. In its response, the government points out that the Fifth Circuit did not even announce the panel until December 22, 2005. Because Williams claims that the AUSA made the prediction two weeks before the appellate panel was assigned or announced, the notion that the comment was based on *ex parte* communication between the AUSA and one or more Fifth Circuit judges has no factual support.

In reply, Williams submits another affidavit in which the affiant claims that he heard the AUSA make the same prediction "in the last few weeks of January 2006." The two affidavits taken together at most show that the AUSA made the prediction in December 2005 and repeated it in January 2006. The affidavits are not consistent with any inference that this statement resulted from any improper *ex parte* contact between the AUSA and the Fifth Circuit. At most, these affidavits support a claim that the AUSA – who had repeatedly challenged rulings by the district judge – thought that the district judge had erred and predicted that the appellate court would agree with him and *sua sponte* reassign the case on remand. The affidavits Williams submitted at most show that the AUSA made this prediction before the make-up of the appellate panel was known and repeated the prediction a month or so later. The fact that his prediction turned out to be correct is no evidence that it was based

on any improper *ex parte* communication with the appellate court, as opposed to the AUSA's own beliefs.

Government misconduct requires dismissal of an indictment only if it is so outrageous that it denies the defendant a fundamentally fair trial. *See United States v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995). Williams presents no factual evidence of improper *ex parte* communications and offers no legal basis to support his motion to dismiss.

Williams's motion to reassign the case is based on the premise that the Fifth Circuit's removal of the prior judge was improper because of the alleged prosecutorial misconduct. Williams cites no authority for the proposition that this court has authority to overrule the Fifth Circuit mandate reassigning the case. In any event, because the underlying premise for Williams's motion is unsupported, there is no basis for reassigning the case back to the original judge.

Williams sought similar relief from the Fifth Circuit, which denied his request. His Motions To Dismiss For Prosecutorial Misconduct (Docket Entry 1215) and for Reassignment of Case (Docket Entry 1218) are denied in this court as well.

SIGNED on July 10, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge