**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-03-221-S-11** |
| | § | |
| **TYRONE MAPLETOFT WILLIAMS** | § | |

**ORDER DENYING DEFENDANT'S
MOTIONS TO DISMISS THE INDICTMENT**

Defendant Tyrone Williams has filed two motions to dismiss the indictment. Williams is charged with various offenses arising out of his alleged participation in a conspiracy to transport illegal aliens in a tractor-trailer that he drove and the deaths of nineteen of those aliens. If convicted, Williams faces a possible death sentence. Based on a careful review of the indictment, the motion, the response, and the applicable law, this court denies the motions, for the reasons explained below.

**I.     Is 8 U.S.C. § 1324(a)(1)(B)(iv) Unconstitutional on its Face?**

Under 8 U.S.C. § 1324(a)(1)(B)(iv), a person may be punished by death if he:

> **(i)** knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien;
> **(ii)** knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law;

>   **(iii)** knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation;
>   **(iv)** encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law; or
>   **(v)(I)** engages in any conspiracy to commit any of the preceding acts, or
>      **(II)** aids or abets the commission of any of the preceding acts,

8 U.S.C. § 1324(a)(1)(A), and his acts result in the death of any person.

Williams contends that this statute is facially unconstitutional because it does not require that the defendant have committed murder or an act inherently dangerous to human life or to have a culpable *mens rea*. (Docket Entry No.1212, 1216). The Eighth Amendment bars the death penalty when the defendant lacks a sufficiently culpable *mens rea*. *Enmund v. Florida*, 458 U.S. 782 , 793, 798 (1982). In *Tison v. Arizona*, 481 U.S. 137 (1987), however, the Court clarified that the death penalty is not so disproportionate as to be unconstitutional when applied to a person who is a major participant in the commission of a felony in which one or more victims die, *and* the defendant exhibited reckless indifference to human life, even if the defendant did not directly kill the victims or desire their deaths. In *Tison,* the Court explained its holding, as follows:

>   [W]e hold that the reckless disregard for human life implicit in knowingly engaging in criminal activities known to carry a grave risk of death represents a highly culpable mental state, a mental state that may be taken into account in making a capital

>sentencing judgment when that conduct causes its natural, though also not inevitable, lethal result.

*Id.* at 157-158.  In both *Enmund* and *Tison*, the defendants did not actually kill the victims, but were participants in underlying felonies that resulted in the victims' deaths.  In both cases, the defendants were convicted of capital murder under felony-murder statutes.

As the government points out in response to Williams's motion, the element of reckless disregard for human life is set out in the government's Notice of Special Findings in this case.  The jury must unanimously find that element before a sentence of death can be imposed.  The *Tison* standard is satisfied.  *See United States v. Bourgeois*, 423 F.3d 501, 508 (5th Cir. 2005) *cert. denied*, ___U.S.___, 126 S.Ct. 2020 (2006) ("A reckless defendant who is heavily involved in acts that led to the victim's death is sufficiently culpable to be sentenced to death without violating the Eighth Amendment".).  The motion to dismiss based on facial unconstitutionality is denied.

## II.   Are 18 U.S.C. §§ 3591(a)(2)(D) and 18 U.S.C. 3593(c) Unconstitutional as Applied?

Williams also challenges the constitutionality of 18 U.S.C. § 3591(a)(2)(D) as applied to him and moves to dismiss the indictment on that ground.  His motion and supporting memorandum raise two separate issues.  First, Williams argues that the indictment alleges that he engaged in conduct that he "knew *would* create a grave risk of death," while the statute refers to "engag[ing] in an act of violence, knowing that the act created a grave risk of death."  Williams argues that the indictment does not charge that he engaged in an act of

violence knowing that the act *did* cause a grave risk of death, but rather alleges that he engaged in an act knowing that the act *would* create a grave risk of death." Williams argues that this allows "for conduct not in contemplation of grave danger at the time of the act to become actionable through the passage of time and new and independent causation." (Docket Entry No. 1213). Second, Williams argues that the Federal Death Penalty Act is unconstitutional because it allows the sentencing jury to consider aggravating factors that are not specifically enumerated in the statute. (Docket Entry No. 1214).

The statute provides that a defendant may be sentenced to death if the jury finds that he "intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person. . . ." 18 U.S.C. § 3591(a)(2)(D). The language of the indictment is consistent with the statute. The government charges that Williams recklessly transported illegal aliens in a tractor-trailer and caused the death of 19 of those aliens. *See* Superseding Indictment at Count One ¶¶ 10-11, 24-26, 58-62, Counts 40-58, Notice Of Special Findings ¶ 1. The Fifth Circuit, in an appeal following Williams's first trial, found that Williams loaded approximately 74 aliens in his trailer, ignored their cries for release from the trailer because they were suffocating and suffering heat exhaustion, declined a suggestion from a coconspirator to turn on the trailer's refrigeration unit, and eventually abandoned the trailer." *United States v. Willliams*, 449 F.3d 635, 639 (5th Cir. 2006). The indictment clearly asserts a direct causal link between Williams's actions and the grave risk of death to the victims. The difference between the statutory language – "knowing that the act created a grave risk" – and the indictment language – "knew [the act] would create a grave

risk" – does not violate the Constitution. The fact that the indictment alleges a grave risk that did not arise until the victims had spent some time in the hot trailer, rather than at the very moment of Williams's actions, does not create a constitutional infirmity. The indictment alleges that Williams engaged in specified acts and that he knew those acts created a grave risk of death. The statute is not unconstitutionally applied.

Williams also argues that 18 U.S.C. § 3593(c) is unconstitutional because it "fails to put Mr. Williams on notice of the information related to non-statutory aggravating factors which the Government will attempt to prove . . . ." (Docket Entry No. 1214). Williams argues that the availability of nonstatutory aggravating factors violates his right to due process of law and to confront adverse witnesses because the statute does not require the government to give notice of nonstatutory aggravating factors it intends to present to the jury. His arguments are precluded by Fifth Circuit precedent. As the circuit has stated:

> First, the statute limits the scope of aggravating factors to those for which prior notice has been given by the prosecution. *See* 18 U.S.C. § 3593(a). Second, the death penalty jurisprudence devised by the Supreme Court guides the prosecution in formulating nonstatutory aggravating factors. For example, due process requires that information submitted as aggravating genuinely narrow the class of persons eligible for the death penalty. *See Zant v. Stephens*, 462 U.S. 862, 877, 103 S.Ct. 2733, 2742, 77 L.Ed.2d 235 (1983). Third, the district court functions as a gatekeeper to limit the admission of useless and impermissibly prejudicial information. *See* 18 U.S.C. § 3593(c). And fourth, the requirement that the jury find at least one statutory aggravating factor beyond a reasonable doubt before it may consider the non-statutory factors further limits the delegated authority. *See* 18 U.S.C. § 3593(d). The requirement of at least one statutory aggravating factor secures sufficient Congressional guidance in classifying death-eligible offenders.

> Consequently, these limitations provide the prosecution with an "intelligible principle" so that an unconstitutional delegation does not occur.

*United States v. Jones*, 132 F.3d 232, 240 (5th Cir. 1998), *aff'd* 527 U.S. 373 (1999) (footnotes omitted). The statute does require notice of aggravating factors. The indictment must allege all statutory aggravating factors and the government may not present evidence of aggravating factors that are not set out in the Notice of Intent to Seek the Death Penalty. *Id.*; *Bourgeois*, 423 F.3d at 507-08. In addition, the jury must unanimously find at least one statutory aggravating factor beyond a reasonable doubt before it may consider any nonstatutory factor. *Id.; see generally*, 18 U.S.C. § 3593(c) and (d). The courts have held that these statutory procedures pass constitutional muster, under the standards established by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 U.S. 584 (2002). Williams's constitutional challenge to 18 U.S.C. § 3591(c) is denied.

### III. Conclusion

For the foregoing reasons, Williams's motions to dismiss the indictment (Docket Entries 1212 and 1213) are DENIED,

SIGNED on July 10, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge