IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-221-11-S |
| | § | |
| TYRONE MAPLETOFT WILLIAMS | § | |

**ORDER DENYING MOTION CHALLENGING THE ARRAY**

Defendant has challenged the jury array on the basis that it does not contain a sufficient number of African-Americans in relation to the number of African-Americans in the Southern District of Texas, Houston Division.   Williams asserts that this underrepresentation is due to systematic exclusion in the process of selecting the venire from which juries are selected.

Williams is charged in 58 counts of a 60-count superseding indictment with concealing, harboring, shielding from detection, and transporting illegal aliens, and conspiring and attempting to conceal, harbor, shield, and transport the aliens.  Because 19 of the aliens died, Williams faces a possible death sentence if convicted.

Purposeful racial discrimination in the selection of a jury violates the equal protection clause. *See*, *e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 341-47 (2003).  The Sixth Amendment entitles a defendant to a jury panel composed of a fair cross-section of the community.  *See*, *e.g.*, *Duren v. Missouri*, 439 U.S. 357 (1979); *Taylor v. Louisiana,* 419 U.S. 522 (1975).

1

>[I]n order to show that an equal protection violation has occurred . . . the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which he belongs. The first step is to establish that the group is one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied.  Next, the degree of underrepresentation must be proved, by comparing the proportion of the group in the total population to the proportion called to serve as . . . jurors, over a significant period of time . . . Finally . . . a selection procedure that is susceptible of abuse or is not racially neutral supports the presumption of discrimination raised by the statistical showing.  Once the defendant has shown substantial underrepresentation of his group, he has made out a prima facie case of discriminatory purpose, and the burden then shifts to the State to rebut that case.

*Castaneda v. Partida*, 430 U.S. 482, 494-95 (1977).

Williams offers no evidence to support his claim that African-Americans are under-represented in the venire.  Under 28 U.S.C. § 1863(a), the Office of the Clerk of Court collects data on the composition of the jury pool within the district.  Those data show that African-Americans make up 11.04 percent of the population qualified to serve on a federal jury.  The 250 members of the venire in this case filled out juror questionnaires.  One of the questions in the questionnaire asked the race of the venire member.  According to those questionnaires, 34 of the 250 members of the venire, or 13.6 percent, are African-American. The percentage of African-Americans in the venire exceeds the percentage of eligible African-Americans in the general population of this division.  Defendant's claim that African-Americans have been excluded from the venire lacks any factual basis.

Although the defendant did not articulate this basis for objection in his motion, the

challenge is based on the fact that this district selects jurors by using voter registration lists.

Defendant asserts that this method results in fewer minorities selected for jury service.  The

law is clear that such methods of jury selection are constitutional.  *See, e.g., United States*

*v. Brummitt*, 665 F.2d 521 (5th Cir. 1981); *Floyd v. Garrison*, 996 F.2d 947 (8th Cir. 1993);

*United States v. Daly*, 573 F. Supp. 788 (N.D. Tex. 1983).

The motion to strike the array is denied.

SIGNED on October 3, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge