IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | CRIMINAL NO. H-03-221-11 |
| TYRONE MAPLETOFT WILLIAMS | | |

## ORDER

The defendant, Tyrone Mapletoft Williams, was convicted on 39 counts of a 58-count indictment charging him with crimes involving smuggling and transporting illegal aliens. Nineteen of those aliens died. Twenty counts carried a possible death sentence. To consider a death sentence, the jury had to find that Williams's actions constituted an "act of violence." The jury found that Williams qualified for a death sentence, but returned a sentence of life imprisonment without the possibility of parole on 19 of the capital counts. Williams's lead counsel at trial was Craig Washington, Esq.

On January 16, 2009, while Williams's appeal was pending, Washington filed a motion to withdraw as Williams's counsel. On May 11, 2009, the Fifth Circuit granted Washington's motion and appointed Seth Kretzer to represent Williams. Kretzer pursued Williams's appeal and succeeded in obtaining a mandate, dated August 2, 2010, for resentencing on the 19 capital counts for which Williams received life sentences. The Fifth Circuit found that the jury instruction defining "act of violence" did not sufficiently emphasize the "violence" portion of the statutory phrase, found the evidence insufficient to support a finding that Williams committed an "act of violence," and remanded the case for

resentencing on those 19 counts. *See Williams v. United States*, 610 F.3d 271, 285-91 (5th Cir. 2010). Consistent with the Fifth Circuit's order, this court appointed Kretzer to represent Williams in the resentencing.

On October 7, 2010, Washington filed a notice of appearance, identifying himself as Williams's retained counsel. On October 14, 2010, Kretzer filed a sealed motion to strike Washington's notice of appearance. On October 18, 2010, Washington filed a response styled "Motion To Show Authority" and a motion to strike Kretzer's motion to strike. The same day, Kretzer filed a response to all Washington's motions. In response to various orders, Washington has informed this court that Williams wishes to retain him using a small amount of money seized by the Department of Homeland Security and subsequently returned to Washington in his capacity as Williams's attorney. Washington has stated in a document filed with the court that he is willing to represent Williams in the resentencing for this sum and as part of this commitment states that he will not seek appointment or compensation under the Criminal Justice Act.

A.    Kretzer's Motion To Strike

In general, "the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment . . . ." *Wheat v. United States*, 486 U.S. 153, 159 (1988). While this right might be circumscribed in certain cases, such as when a defendant cannot afford his counsel of choice or that counsel is not a member of the bar or has a conflict of interest, no such circumstances apply to this case. Washington does not seek appointment. He has been retained by Williams for compensation. Although it is a small amount, Washington has agreed to complete all the work necessary to represent Williams on

the resentencing for this amount and committed that he will not seek any additional compensation from the court under the CJA or otherwise. There is no basis to displace Williams's right to retain counsel of his own choosing. Washington may appear as Williams's attorney. Kretzer's motion to strike Washington's notice of appearance is denied.

B. <u>Motion To Show Authority</u>

Washington filed a motion seeking an order "for Seth Kretzer to show by what authority he has filed" his motion to strike Washington's notice of appearance. Kretzer's authority is apparent: he was, at the time, Williams's attorney of record. Because Kretzer filed a motion in his capacity as Williams's counsel of record, Washington's "Motion to Show Authority' is denied.

C. <u>Washington's Motion To Strike</u>

Washington's motion to strike Kretzer's motion to strike is denied. As noted above, Kretzer was Williams's counsel of record. Washington opposed Kretzer's motion on the merits, but demonstrates no basis for striking the motion.

D. <u>Conclusion and Order</u>

Seth Kretzer's Motion to Strike (Docket Entry 2119), and Craig Washington's Motions to Show Authority (Docket Entry 2120), and to Strike (Docket Entry 2121) are denied.

Craig Washington is Williams's counsel of record and Seth Kretzer is relieved of his duties as Williams's counsel, with the thanks of the court for his work as appointed counsel.

Washington must file any objections to the presentence report and addenda on or by **November 29, 2010.**

SIGNED on November 23, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge