IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | CRIMINAL NO. H-03-221-S-11 |
| TYRONE MAPLETOFT WILLIAMS | § | |

**ORDER**

The defendant, Tyrone Mapletoft Williams, filed two motions seeking to have this case reassigned for his sentencing. For the reasons explained below, neither motion provides a basis for the relief he seeks.

    **1.**    **The Motion To Recuse**

Williams asks this judge to recuse based on statements he asserts were made to him at the Federal Detention Center by the lawyer who was appointed to represent him on appeal after Craig Washington, who represented Williams at trial, had moved to withdraw. Williams describes these statements in an affidavit. It provides no basis for recusal.

Section 455(a) of Title 28 of the United States Code requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge. *Henderson v. Dep't of Pub. Safety and Corrs.*, 901 F.2d 1288 1296 (5th Cir. 1990); *Parrish v. Board of Comm'rs of the Alabama State Bar*, 524 F.2d 98 (5th Cir. 1975). "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged." *Davis v. Bd. of Sch. Comm'rs of*

*Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975) (citations omitted); *see also Berger v. United States*, 255 U.S. 22 (1921); *United States v. Merkt*, 794 F.2d 950 (5th Cir. 1986); *United States v. Olis*, 571 F.Supp.2d 777 (S.D.Tex. 2008). Three procedural issues must be determined: (1) was the affidavit timely filed; (2) was it accompanied by the necessary certificate of counsel of record; and (3) is the affidavit legally sufficient. *Parrish*, 524 F.2d at 100 (citing 13 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 3541-53 (1975)). "Because of the disruption and delay of the judicial processes that can be caused by the disqualification of a trial judge, affidavits of disqualification are strictly scrutinized for form, timeliness, and sufficiency." *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972). The affidavit must be filed promptly on discovery of the facts forming the basis of the motion to disqualify. *Id.* A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature. *Henderson*, 901 F.2d at 1296 (citing *Parrish*, 524 F.2d at 100). Legal sufficiency is determined as a question of law. *Berger*, 255 U.S. at 33.

     Williams first notes that this court appointed the lawyer at issue after the remand from the appellate court. Williams neglects to mention, however, that the lawyer was originally appointed by the Fifth Circuit to represent him on appeal after Washington *asked* to withdraw. This lawyer was Williams's counsel of record when the case was remanded to this court and was not, as the motion suggests, appointed for the first time on the resentencing. When Washington sought reappointment as Williams's counsel for the resentencing, this court issued several orders to ascertain relevant facts and based on those facts, dismissed the other attorney so that Washington

could represent Williams. Williams cites *Republic of Panama v. American Tobacco Co.*, 217 F.3d 343 (5th Cir. 2000), in support of his claim. This case involved claims against the tobacco industry about the health risks of tobacco. The trial judge was a past president of the Louisiana Trial Lawyers Association ("LTLA"). The organization filed an *amicus* brief for the plaintiffs in a different tobacco case raising similar allegations. The motion for leave to file the *amicus* brief mistakenly listed the judge as counsel and current president of the LTLA. In fact, he had no involvement with the brief and was no longer president of the LTLA. The Fifth Circuit found that recusal was nonetheless required because the fact that the judge's name appeared "on a motion to file an *amicus* brief which asserted similar allegations against tobacco companies to the ones made in this case . . .," *id.* at 347, might lead to a reasonable questioning of the judge's impartiality. There is no similar apparent conflict in this case. Unlike the judge in *Republic of Panama*, this court has had no involvement in any related or similar case. There is no appearance of bias against Williams or his current counsel.[1]

The affidavit is also legally insufficient. It is based on Williams's affidavit describing statements made to him by his former attorney about this judge. In *Henderson*, the Fifth Circuit

---

[1] The facts of this case are more similar to *Deuer Mfg., Inc. v. Kent Prods., Inc.*, 760 F.Supp. 609 (E.D. Mich. 1989). In that case, the judge disciplined one of the attorneys for violating a protective order and was the respondent in a mandamus proceeding brought by counsel. The court denied a motion for recusal, noting that any bias must be personally directed toward a party.
> [T]he movant must show that the alleged prejudice of the judge is personally directed toward a party. It is clearly established that the term "party" as used in sec. 455 does not include counsel as such. *Gilbert v. City of Little Rock*, 722 F.2d 1390 (8th Cir.1983). A controversy between a judge and an attorney for a party does not require disqualification of the judge in the absence of a showing of bias or personal prejudice to the parties. *Davis [v. Bd. of Sch. Comm'rs]*, 517 F.2d [1044,] 1052 [(5th Cir. 1975)]; *cf. Matter of Yagman*, 796 F.2d 1165 (9th Cir.1986).

*Deuer*, 760 F.Supp. at 611. At most, Williams implies that this court has some bias against his counsel. This allegation is untrue and fails to allege bias or prejudice against any *party*.

affirmed the denial of a § 144 motion to recuse based on a statement about an alleged friendship between the judge and opposing counsel. The district court had held the affidavit was legally insufficient because it was not based on personal knowledge of the alleged friendship. *Henderson*, 901 F.2d at 1296. Similarly, in this case, the only basis asserted for recusal is a statement by former counsel about the judge. The motion is legally insufficient. The motion is also legally insufficient because all of the allegations it contains are either immaterial, not stated with particularity, or do not indicate a personal bias against Williams.

In addition, the motion is untimely. Numerous cases have rejected § 144 motions because the affidavits of disqualification were untimely filed. *See, e.g., United States v. Iddeen*, 854 F.2d 52, 53 n.1 (5th Cir. 1988) (§ 144 motion filed within 10 days of trial was untimely); *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). "The general rule on timeliness requires that 'one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'" *Travelers Ins. Co. v. Liljeberg Entrs., Inc.*, 38 F.3d 1404, 1410 (5th Cir.1994)." *United States v. Vadner*, 160 F.3d 263, 264 (5th Cir. 1998). Williams's affidavit asserts that his conversation with previous counsel took place on November 12, 2010, yet he waited two months, until January 12, 2011 – two days before the scheduled sentencing hearing – to file his motion for recusal. The motion is therefore untimely.

Based both on the untimeliness of the motion and Williams's failure to show any reasonable appearance of bias, his motion for recusal is denied.

    **2.**    **The Motion to Reassign**

Williams also moves to have this case reassigned to the judge who was originally assigned

to this case as well as the cases against 14 coconspirators. On appeal following Williams's first trial, the Fifth Circuit ordered Williams's case reassigned. Williams now argues that the case should be returned to the first judge. His argument is that only that judge knows the sentences meted out to the coconspirators, information that is necessary to avoid an unwarranted disparity between his sentence and that of the coconspirators.

Williams's premise is flawed. The sentences given to Williams's coconspirators are a matter of public record, not something known only to the sentencing judge. In fact, the coconspirators' sentences are specifically noted in the addenda to Williams's presentence report. There is no basis for reassigning this case.

Williams's motions to recuse (Docket Entry No. 2152) and to reassign (Docket Entry No. 2153) are denied.

SIGNED on January 18, 2011, at Houston, Texas.

                                                Lee H. Rosenthal
                                                United States District Judge