# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-221-S-11 |
| | § | |
| TYRONE MAPLETOFT WILLIAMS | § | |

## ORDER DENYING MOTION TO WITHDRAW

The defendant, Tyrone Mapletoft Williams, was convicted on 39 counts of a 58-count indictment charging him with crimes involving smuggling and transporting illegal aliens. Nineteen of those aliens died. Twenty counts carried a possible death sentence. The jury returned a sentence of life imprisonment without the possibility of parole on 19 of the capital counts. Williams's lead counsel at trial was Craig Washington, Esq.

On January 16, 2009, while Williams's appeal was pending, Washington filed a motion to withdraw as Williams's counsel. On May 11, 2009, the Fifth Circuit granted Washington's motion and appointed Seth Kretzer to represent Williams. Kretzer pursued Williams's appeal and succeeded in obtaining a mandate, dated August 2, 2010, for resentencing on the 19 capital counts for which Williams received life sentences. The Fifth Circuit remanded the case for resentencing on those 19 counts. *See Williams v. United States*, 610 F.3d 271, 285-91 (5th Cir. 2010).

Consistent with the Fifth Circuit's prior order appointing Kretzer for the appeal, this court appointed Kretzer to represent Williams in the resentencing. On October 7, 2010, Washington filed a notice of appearance, identifying himself as Williams's retained counsel. Through a series of motions, this court determined that Williams wanted to retain Washington and that Washington was willing to represent Williams as retained counsel, not under the CJRA. On November 23, 2010, this

court allowed Washington to substitute in as counsel of record, relieving Kretzer of his obligation to represent Williams.

The court resentenced Williams on January 24, 2011. On February 2, 2011, Washington filed a motion to withdraw as Williams's counsel on appeal. The government opposes this motion.

"Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court. *Stair v. Calhoun,* 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010) (internal quotation marks and citation omitted). As noted above, shortly after the trial, Washington asked and was allowed to withdraw as Williams's counsel for the appeal. When the Fifth Circuit remanded the case, Washington sought to reenter the case as counsel, vigorously opposing Kretzer's efforts to remain on the case to which he had been appointed by the appellate and then the trial court. Washington filed a series of motions in which he accused Kretzer of misconduct in his efforts to serve as Williams's attorney. Williams also asked this court to allow Washington to represent him. Neither Washington nor Williams stated that their request was limited to the resentencing hearing in this court, and the "resentencing proceeding" referred to in some of Washington's filings includes appeals from this court's sentencing decision.

The government opposes yet another change in counsel. The government points out that this has been a long and complicated case. When Washington first asked to withdraw, following the trial, the Fifth Circuit appointed Kretzer, who spent substantial time and resources learning the case and successfully arguing Williams's appeal. Williams and Washington then pushed Kretzer aside on the remand. They now ask that yet another attorney— who will again have to spend substantial time and resources learning the case—be appointed. In light of Washington's prior representations

to this court, there is no justification for this request and the significant accompanying expense entailed in yet another attorney becoming familiar with the case. Washington has already withdrawn and reentered this case once. He may not withdraw again.

    Williams's Motion to Withdraw, (Document Entry No. 2161), is denied.

    SIGNED on March 24, 2011, at Houston, Texas.

                                    Lee H. Rosenthal
                               United States District Judge